**Paul W. KIBBY, Appellant,**

v.

**The UNITED STATES of America, Appellee.**

**No. 74–1856.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1975.

Decided Oct. 15, 1975.

Herbert A. Kasten, Jr., St. Louis, Mo., for appellant.

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

BRIGHT, Circuit Judge.

Paul W. Kibby filed a 28 U.S.C. § 2255 petition for relief from his conviction and 20-year prison sentence for violation of federal narcotics laws. The district court denied him relief and he brings this appeal. We affirm.

In order to place this case in its proper perspective, we review prior federal judicial proceedings affecting Kibby. Kibby and two other individuals, Charles R. Stewart and Carl McFadden, were convicted of violating federal narcotics laws in 1966.[1] The conviction of each of these men rested on the testimony of a government informer, Dudley G. Brown, and a federal narcotics agent, Richard M. Patch. On direct appeal this court affirmed the convictions of all three men. *Kibby v. United States,* 372 F.2d 598 (8th Cir.), *cert. denied,* 387 U.S. 931, 87 S.Ct. 2055, 18 L.Ed.2d 993 (1967).

Subsequently, Stewart moved for a new trial under Fed.R.Crim.P. 33, claim-

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Kibby and Stewart stood trial together without a jury before the Honorable Roy W. Harper. McFadden was tried separately before Judge Harper.

ing that he had been victimized by a frameup instigated by agent Patch. In support of this contention, Stewart offered affidavits of the informant, Dudley G. Brown, recanting his previous testimony which had implicated Stewart in narcotics sales. In addition, the record disclosed that agent Patch had been discharged from the Bureau of Narcotics for misconduct and subsequently had been indicted on bribery charges. The district court denied Stewart relief but on appeal this court remanded the case "for a specific finding as to whether or not Brown and Patch testified falsely * * *." *United States v. Stewart*, 445 F.2d 897, 901 (8th Cir. 1971). Thereafter, Kibby and McFadden also sought to vacate their sentences for essentially the same reasons as Stewart. The district court also denied Kibby and McFadden post-conviction relief but on appeal we directed that the claims of these petitioners relating to false testimony be remanded and consolidated with the *Stewart* case for a hearing before the district court. *McFadden v. United States*, No. 71–1397 (8th Cir. 1971), and *Kibby v. United States*, No. 71–1074 (8th Cir. 1971).

After conducting a hearing for Kibby, Stewart, and McFadden on November 22 and 23, 1971, Judge Harper denied relief to all three men. As to Kibby, the district court stated that although certain inconsistencies existed in Brown's testimony, they did not refute the testimony in the original trial. Kibby and Stewart appealed and this court affirmed the district court in two unreported opinions, *Kibby v. United States*, 475 F.2d 1407 (8th Cir. 1973), and *Stewart v. United States*, No. 72–1377 (8th Cir.), *cert. denied*, 414 U.S. 835, 94 S.Ct. 177, 38 L.Ed.2d 70 (1973).

In the instant case, Kibby claims that the informant, Dudley Brown, forged his signature to several affidavits and that the Government presented these to the Grand Jury in obtaining an indictment against him in 1966. Without a hearing, Judge Harper denied the motion ruling that that issue had been conclusively established against petitioner in the November 1971 hearing. In denying Kibby relief, Judge Harper wrote an extensive memorandum opinion in which he noted among other things:

The transcript of the [November 1971] hearing in the 2255 motion * * discloses on the cross-examination of the witness, Dudley G. Brown, that during the cross-examination [the Assistant United States Attorney] had marked Plaintiff's Exhibit 4 [the affidavits in question] * * *, and the transcript at pages 69, 70, 71 and 72 shows the marking of Exhibit 4 and the examination of the witness, Dudley Brown, with respect to Exhibit 4. At pages 71 and 72 of the transcript the signature of the witness at the bottom of pages 1, 2 and 3 is identified as his (Dudley Brown's) signature. This testimony discloses that the petitioner's allegations that Exhibits 4 and 4–A were forged is without merit, and the petitioner's claim that the government used falsified and fraudulent documents is completely refuted. [*Kibby v. United States*, No. 74–322C(A) (E.D.Mo.1974).]

We agree with the district court. Our review of the record satisfies us that Kibby's petition presents essentially the same factual issues previously heard and decided by the district court and affirmed by this court on appeal in 458 F.2d 1407, *supra*.

Accordingly, we affirm.